IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00122-REB-1

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.  JOHN ALAN LITTLEFORD

    Defendant.

## DEFENDANT LITTLEFORD's MOTION TO SUPPRESS EVIDENCE

Defendant Dr. John Littleford, through counsel, moves this Court, for an order suppressing the patient files that were seized from his medical office during a search of those premises on 9 November 2012. Dr. Littleford makes this motion on the grounds that the evidence was seized in violation of the Fourth Amendment to the Constitution of the United States. More specifically, Dr. Littleford asserts that the files, all information contained in the files, and all evidence that is a fruit of the illegal Government conduct, must be suppressed because law enforcement did not have a warrant to search his office and to seize his files and because no legally valid consent to search the office, or other exception to the Fourth Amendment's warrant requirement existed to search the office for said files.

Background: In November, 2012, the Colorado Medical Board revoked Dr. Littleford's medical license. As a result, on 9 November, three DEA Diversion Investigators ("DI's") visited Dr. Littleford at his residence in Englewood, Colorado, in order to request that Dr. Littleford voluntarily surrender his DEA registration

(INV_00000217-218, ¶¶ 2-3).   Dr. Littleford complied with the DI's request and signed a DEA form 104, "Voluntary Surrender of Controlled Substance Privileges" (INV_00000218, ¶ 4).   After Dr. Littleford executed the voluntary surrender document, one of the DI's advised Dr. Littleford that the "DEA would need all unused DEA-222 forms, any controlled substances not prescribed to Dr. LITTLEFORD for his personal use, and the DEA Registration Certificate." (*Id.*) [hereinafter "Three Types of Items"]. In response, Dr. Littleford "stated that those items were back at his office **in the lock box**." (*Id.*) (emphasis added).   Dr. Littleford further advised that he thought that a *locum tenens* physician also was at his practice but that he had not met her. (*Id.*)

When the DEA agents arrived at Dr. Littleford's office, one of the agents told the *locum tenens* physician that Dr. Littleford had given verbal consent to the agents "to pick up" the Three Types of Items (INV_00000222, ¶ 13).   Dr. Littleford did not give consent for a search of his office generally or particularly of his patient files.   Dr. Littleford did provide the DEA consent to search his residence when the agents were there (INV_00000218, ¶ 5).   That consent was set forth in writing in a DEA Form 88, a "Consent to Search" form (*Id.*).   No such form was presented to, or executed by, Dr. Littleford with respect to his office premises.

By contrast, when the DEA agents arrived at Dr. Littleford's office, they presented Dr. Ann Smith-Rudnick, the *locum tenens* physician they found there, with two DEA consent-to-search forms.   The forms, as executed by Dr. Smith-Rudnick, alternately advised that she had authority to consent to a general search of Dr.

Littleford's office and that she freely did so (INV_00000240-241).[1]   In addition to noting, as discussed, *supra.*, their interest in the Three Types of Items, the DEA agents also advised that they had a list of patient files which they would like to review (INV_00000222, ¶ 13).

    The DEA agents then conducted a search of Dr. Littleford's office.   The agents seized various materials falling within the Three Types of Items, and they seized sixteen patient files ("Patient Files").   Dr. Littleford challenges here the legality of the search and seizure of those Patient Files.

    <u>Argument</u>:   In general, searches and seizures are unreasonable and invalid unless based on probable cause and executed pursuant to a warrant.   *See* <u>City of Ontario v. Quon</u>, 560 U.S. 746, 760 (2010) (warrantless searches generally *per se* unreasonable); <u>Katz v. U.S.</u>, 389 U.S. 347, 357 (1967) (4TH Amendment imposes presumptive warrant requirement for searches and seizures); <u>Johnson v. U.S.</u>, 333 U.S.10, 14-15 (1948) (4th Amendment requires warrant for search and seizure unless preexisting exception applies).   Consent is one such exception. <u>Illinois v. Rodriguez</u>, 497 U.S. 177 (1990). "The prohibition [on warrantless searches] does not apply, however, to situations in which voluntary consent has been obtained, either from the individual whose property is searched . . . or from a third party who possesses common authority over the premises." *Id.* at 181.   "'Common authority' rests on mutual use of the property by persons generally having access or control for most purposes . . ." *Id.*

    As noted, *supra.*, Dr. Littleford denies that he consented to a search of his office

---

[1]     The address for the search, which was written on both the consent forms that Dr. Smith-Rudnick executed, was incorrect; as such, the DEA did not literally have the consent of the *locum tenens* physician to search the premises that the agents actually searched.

for patient records.   Furthermore, Dr. Littleford asserts that Dr. Smith-Rudnick had no authority to consent to a search and seizure of the patient files.   "The government has the burden of proving the effectiveness of a third party's consent." United States v. Salinas-Cano, 959 F.2d 861, 864 (10th Cir. 1992) [citing to Illinois v. Rodriguez].

Although the DEA's report states that its agents encountered Smith-Rudnick at Littleford's office and that she apparently was installed there as a *locum tenens* physician, the report is devoid of any mention that the agents made any inquiries about Smith-Rudnick's status; about the extent of her authority over Dr. Littleford's office, his effects, and, most critically, his patient files; about whether Smith-Rudnick even had any knowledge of the existence of any of the patients whose files she allowed the DEA *carte blanche* access to review and to seize; or about whether Smith-Rudnick had ever met with any of the patients whose files were taken such that she might have established a physician-patient relationship with these patients; etc.   The DEA report does not even state that the agents were aware of, or inquired into the meaning of, the term *locum tenens*.

The Government's burden of proving the effectiveness of a third party's consent to search "cannot be met if agents, faced with an ambiguous situation, nevertheless proceed without making further inquiry." Salinas-Cano, 959 F.2d at 864.   As just outlined, that is exactly what occurred here.   Smith-Rudnick's position and authority over Dr. Littleford's patient files were ambiguous, at best.   Rather than making an inquiry of Smith-Rudnick on any topic related to her status or authority, the agents instead simply asked her for consent to search, obtained it, and executed the search and seizure.   In this situation, where the agents have "not learn[ed] enough, if the circumstances make

4

it unclear whether the property about to be searched is subject to 'mutual use' by the person giving consent, 'then warrantless entry is unlawful without further inquiry.'" *Id.*

The Government may contend that the DEA agents believed that Smith-Rudnick had apparent authority to consent to the search of Dr. Littleford's patient records even if she lacked actual authority so to consent, because such apparent authority would validate the search under the Fourth Amendment. United States v. Romero, 749 F.3d 900, 907 (10th Cir. 2014). However, "the 'apparent authority' doctrine does not empower the police to legitimize a search merely by the incantation of the phrase. The Supreme Court's analysis of this subject instead rests entirely on the reasonableness of the officer's belief. See *Rodriguez,* 110 S.Ct. at 2799-2801." United States v. Salinas-Cano, 959 F.2d 861, 865 (10th Cir. 1992). In this instance, it was not reasonable, based upon the totality of the circumstances, for the DEA agents to conclude that Dr. Smith-Rudnick had even apparent authority to consent to the search of Dr. Littleford's patient files.

Accordingly, because the Government had no warrant and because no exception to the warrant requirement (including consent) applied, the search and seizure of Dr. Littleford's patient files was unlawful under the Fourth Amendment. Therefore, the files themselves and the information contained therein as well as the fruits of that illegal search and seizure, namely, must be suppressed. Dr. Littleford so MOVES.

Dated this 1st day of June, 2018.

Respectfully submitted,

s/Thomas E. Goodreid
Thomas E. Goodreid
Attorney at Law
1801 Broadway, Suite 1400
Denver, CO   80202
(303) 296-2048x.136
t.goodreid@comcast.net

Mitchell Baker
Attorney at Law
1543 Champa Street, Suite 400
Denver, CO   80202
(303) 592-7353
mitchbaker@estreet.com

Attorneys for Defendant Dr. John Littleford

## CERTIFICATE OF SERVICE

I certify that on this 1st day of June, 2018, I electronically filed the foregoing **DEFENDANT LITTLEFORD's MOTION TO SUPPRESS EVIDENCE** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/Thomas E. Goodreid
Thomas E. Goodreid
Attorney at Law
1801 Broadway, Suite 1400
Denver, CO   80202
(303) 296-2048x.136
t.goodreid@comcast.net
Attorney for Defendant Dr. John Littleford